HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-5159RBL |
| Plaintiff, | ORDER |
| v. | |
| PHUOC HUY NGUYEN TRUONG, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon Defendant Phuoc Huy Nguyen Truong's Motion to Suppress Evidence [Dkt. #'s 90, 91]. Having considered the entirety of the records and file herein, and having determined that neither an evidentiary hearing nor oral argument is necessary to decide this motion, the Court finds and rules as follows:

I. INTRODUCTION

The defendant, together with eight others, has been charged in a multi-count Indictment with several offenses including Conspiracy to Manufacture and Distribute Marijuana, Money Laundering, and Possession of a Firearm in Furtherance of Drug Trafficking. He seeks to

suppress all evidence[1] discovered at his residence as a result of the execution of a search warrant issued by a United States Magistrate Judge. He does not challenge the search of nine other residences and a business conducted as part of the same investigation. He concedes that the Affidavit in support of the Search Warrants provides probable cause to believe that he (and his co-conspirators) are engaged in the manufacture and distribution of illegal drugs and does not dispute that 1601 Lyons Avenue Northeast, Renton, Washington, is his primary residence. Rather, he only argues that the Affidavit does not establish a nexus between his illegal activities and his Lyons Avenue residence, and therefore, the evidence derived therefrom should be suppressed as it was obtained without probable cause.

## II. **FACTS**

The Search Warrant Affidavit of DEA Task Force Officer Bill Sundqvist set forth the following in support of probable cause:[2]

In 2008 local DEA agents received information from DEA Tampa that a Vietnamese marijuana manufacturing and distribution organization was acquiring properties in the Puget Sound Region. DEA Tacoma conducted an investigation of this organization which resulted in the federal convictions of five defendants.

---

[1] According to the Government, the evidence seized included: "a loaded Taurus .38 Special revolver from his night stand; a Czech Republic brand 9mm handgun, two 9 mm magazines, a Smith & Wesson brand M&P 15 model 223 caliber rifle, ammunition, and $2,000 in cash, from a bedroom closet; a Beretta 22 long rifle handgun and a magazine, from a kitchen cabinet; approximately two pounds of processed marijuana; and numerous financial records pertaining to Truong and Seapac." Government's Opposition, Dkt. #95, p. 11. fn. 4.

[2] The Affidavit is 92 pages long and in addition to seeking a warrant to search the Lyons Avenue residence, it requests warrants for nine other residences and a business and for eleven vehicles. Only the facts necessary to establish probable cause to search the Lyons Avenue residence are discussed in any detail.

During that investigation DEA Tacoma learned of Seapac Gardening Supply. A separate investigation was opened focusing on Seapac and associated persons and residences. Agents learned that Phuoc Huy Nguyen Truong ("Phuoc Truong" or "Truong") is the primary owner of Seapac. Co-defendant Linh Dinh Nguyen is a part owner of the business. Seapac is a store-front located in a light industrial park in Fife, Washington. The front door is tinted and it has a rear bay door suitable for commercial deliveries.

Seapac has been under surveillance since 2008. Task Force Officers have physically observed the business and interviewed neighboring business owners. A covert surveillance camera has been in place near Seapac for approximately two years. From these investigative tactics, DEA Tacoma learned that Seapac contains little office furniture but does contain brochures for products specifically designed and sold for the purpose of cultivating marijuana. Agents observed electrical ballasts, fertilizer, black pots, and fans typically used in indoor marijuana grows in the back bay. The business is only occupied a few afternoons a week for a few hours at a time. People unrelated to the alleged conspirators (i.e. customers) have rarely been seen at Seapac, but commercial carriers and Steuber Distributing Company[3] have been observed making deliveries there. A white 2003 Ford van registered to Phuoc Truong is often seen at Seapac.

Records checks, surveillance, and a confidential source tied Truong and his co-defendants to at least nine properties used as former and current grow houses, and linked those properties to activities at Seapac. For example, on September 14, 2009, agents observed co-defendant Luan Dinh Hguyen leave Seapac, get into a black Chevy Avalanche registered to him

---

[3] Steuber Distributing Company is a commercial wholesaler of garden and agricultural equipment located in Snohomish, Washington. TFO Sundqvist indicates that Steuber supplies both legitimate products and products used for the cultivation of marijuana.

and drive directly to 350 Renton Avenue South, Renton. Truong's Ford van has been seen there on several occasions and, since July, 2010, a 2000 Pontiac registered to co-defendant Lam Nguyen is most often parked at the residence. In August and November, 2010, after obtaining a state search warrant, Sundqvist viewed the residence with a thermal imaging device. The roof and roof vents were very warm. Walking near the home, the agents could hear what appeared to be large fans running inside the residence. According to TFO Sundqvist a warm roof and running fans are consistent with hot air from an indoor marijuana grow being vented into the attic at 350 Renton Avenue South.

Bank records indicate that between August of 2006 and the end of 2010 over 1.2 million dollars in cash was deposited into Seapac's checking account. Most deposits were less than $10,000, which is the threshold for reporting requirement. Truong and co-defendant Linh Dinh Nguyen were the signatories on the account. Payroll checks were written on the account to Phuoc Truong and to Linh, Lam and Luan Nguyen. There were very few other payees.

Records checks, surveillance, and a confidential source confirm that Truong's primary residence is 1601 Lyons Avenue Northeast, Renton, Washington.[4] Truong's sister, Nga Truong, is the utilities rate payer at the residence. Truong's drivers license lists the address as his residence and the white Ford van often seen at Seapac and at suspected grow houses, and a black 2002 Chevy Avalanche (not to be confused with the 2005 Avalanche of co-defendant Luan Nguyen) are registered to him at 1601 Lyons Avenue. Truong is the only known driver of the 2002 Avalanche.

---

[4] As stated earlier, Truong does not contest that 1601 Lyons Avenue Northeast is his primary residence.

On the morning of November 17, 2010, Truong's Avalanche was observed, via video surveillance, arriving at 350 Renton Avenue South. The vehicle backed up to the garage door and parked. It appeared that objects were being unloaded from the Avalanche into the garage. Later that day, Sundqvist observed the garage door open and Truong load what appeared to be a large cardboard box into the rear of the Avalanche. Truong was then followed back to 1601 Lyons Avenue.

TFO Sundqvist, a 28-year veteran police officer, has extensive training and experience in investigating illegal drug trafficking, including the indoor manufacture of marijuana and its distribution. He states that based upon his training and experience, drug traffickers keep records of their activities including addresses and telephone numbers of their associates and customers, IOU's, buy/sell lists, bank records, receipts, and other such documents. They often store these records at secure places under their control including their personal residence. Drug traffickers also store other evidence of their illegal activity at their residence including grow equipment, horticulture magazines, scales, plastic bags, and sealing equipment. These individuals also often have guns and ammunition to protect their illegal business, and the cash proceeds therefrom, both stored at their residences.

### III. DISCUSSION

This Court's review of the "validity of a search warrant depends on the sufficiency of what is found within the four corners of the underlying affidavit." *United States v. Taylor*, 716 F.2d 701, 705 (9th Cir. 1983). The affidavit must establish probable cause to believe that contraband or evidence will be found at the place to be searched. Fed. R. Crim. P. 41. Probable cause exists when, considering the "totality of the circumstances," an issuing judge can reasonably conclude that there is a "fair probability that contraband or evidence of a crime will

be found at a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing judge's finding of probable cause is entitled to great deference. *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990).

The affidavit need only establish "a reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991). "In making this determination, the [issuing judge] may rely on the conclusions of experienced police officers regarding where evidence is likely to be found." *Id.* In the case of drug dealers, the Ninth Circuit has repeatedly held that "evidence is likely to be found where the dealers live." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986); *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993); *United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004).

Here, the Magistrate Judge could "reasonably conclude" that evidence of drug trafficking could be found at 1601 Lyons Avenue. The detailed affidavit provided ample probable cause that Truong was a leader of a highly sophisticated and profitable conspiracy to manufacture marijuana at indoor grow sites in Pierce and King Counties. The evidence demonstrated that Seapac, owned by Truong, was a front to supply equipment and materials for the grow houses, and a cover to legitimize the income from the illegal marijuana business. Truong's vehicles were registered to him at 1601 Lyons Avenue and were repeatedly seen traveling between Seapac and grow houses, and the same vehicles were seen at his primary residence, Seapac, and the known and suspected grow houses. On at least one occasion in November, 2010, Truong's Chevy Avalanche was seen first being unloaded at a grow house at 350 Renton Avenue South, and then later agents observed Truong load a large box into the Avalanche. Truong was followed to 1601 Lyons Avenue where he was seen standing outside of the residence talking to his sister.

Truong's return to 1601 Lyons Avenue with a large box loaded at the grow house, together with the information provided by TFO Sundqvist that based on his training and experience drug traffickers keep certain categories of evidence at their residences, established a "reasonable nexus" between Truong's illegal activities and 1601 Lyons Avenue.

Defendant's Motion to Suppress Evidence [Dkt. #'s 90, 91] is **DENIED**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 1st day of August, 2011.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE